UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Jermaine Dukes, | ) C/A No. 4:08-4029-HFF-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| State of South Carolina, County of Horry, | ) |
| Respondent. | ) |

The petitioner, Henry Jermaine Dukes ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 seeking habeas relief.[1] Petitioner is a pretrial detainee at the Reuben Long Detention Center, located in Horry County of South Carolina. He files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the petition submitted in this case is subject to summary dismissal.

## DISCUSSION

Petitioner seeks release from jail based on alleged constitutional violations in various proceedings in the criminal case pending against him in state court. Petitioner claims violation of the Fourth Amendment because " there was never any probable cause established in arrest warrant"and the judge "erred by signing the warrant." He also claims violation of the Fifth and Fourteenth Amendments because he "was not present at his preliminary hearing nor did he have counsel there to represent him." He claims his due process rights were violated by the Horry County Clerk of Court's failure to provide him a transcript of the preliminary hearing, and his Sixth Amendment right to a speedy trial was also violated. Petitioner also includes conditions of confinement claims which are not cognizable in a habeas action.[2]

Because Petitioner is a pre-trial detainee, his exclusive federal remedy to challenge the fact or duration of his confinement is a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3).

---

[2] The petitioner may only challenge the fact or duration of his imprisonment, not conditions of confinement, in a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas is exclusive remedy for challenging the fact or duration of confinement). If petitioner desires to file claims concerning conditions of confinement, he may obtain forms from the Clerk of Court and file a separate action under 42 U.S.C. § 1983.

*See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)(because he is not yet "in custody pursuant to the judgment of a state court," petitioner's claims arise pursuant to § 2241 not § 2254); *Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir.2006) (as a pretrial detainee, petitioner may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)). A federal writ of habeas corpus under 28 U.S.C. § 2241 can be sought only after a petitioner has exhausted state remedies. Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary under section 2241, just as it is necessary under section 2254. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir.1975); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.1980)(reversing district court's grant of habeas relief on Sixth Amendment speedy trial claim because the claim should have been presented at the state trial); *Cf. Hamlin v. Warren*, 664 F.2d 29, 30-32 & n. * (4th Cir.1981). The state courts must be given the opportunity to address the issues, up to the highest state court, before a request for federal habeas relief can be considered. *Matthews v. Evatt*, 105 F.3d 907, 910 (4th Cir.1996). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The petition fails to allege Petitioner has exhausted his state remedies, and therefore, the petition should be dismissed without prejudice to allow Petitioner to exhaust state remedies.

Additionally, in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the U. S. Supreme Court "plainly declared that federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam v.Foster*, 75 F.3d 881 (4th Cir. 1996). The habeas petition does not present extraordinary circumstances. A court

"'of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Kugler v. Helfant*, 421 U.S. 117, 123 (1975), quoting *Younger*, 401 U.S. at 43-44. Petitioner can pursue his claims in state court both during and after trial, so he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger v. Harris*, 401 U.S. at 43-44. Petitioner's claims of constitutional violations can be, and must be, brought in the state court. In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Thus, this Court should abstain from interfering in the pending state criminal proceedings as no extraordinary circumstances are alleged in the petition and Petitioner can present his claims in state court.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the petition for writ of habeas corpus without prejudice. **Petitioner's attention is directed to the notice on the following page.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 7, 2009
Florence, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).